**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada Glaziers and Fabricators Pension Trust Fund*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>SUN PACIFIC GLAZING, INC., a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF ERISA, AND DEMAND FOR RELIEF ON BONDS**<br><br>Date: N/A<br>Time: N/A |

The Plaintiff, the Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Plaintiff" or "Trust Fund"), acting by and through its attorneys, Christensen James & Martin, Chtd., hereby complains, asserts, and alleges as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §

1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff is administered and where the contractual obligation is to be paid.

**PARTIES**

5. The Trust Fund is an express trust created pursuant to a written agreement and declaration of trust, as amended ("Trust Agreement"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)(5)], between unions, including International Union of Painters and Allied Trades, District Council 36 ("District Council 36"), and employer associations, including Southern California Glass Management Association.

6. The Trust Fund exists to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," and/or "employee benefit pension plan" within the meaning of ERISA, 29 U.S.C. § 1002(2), (3), and (37), to which the one or more of the Defendants named herein are required to make monetary contributions pursuant to the terms of a collective bargaining agreement.

7. The members of the Board of Trustees of the Trust Fund are each a "fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§

1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Fund and related matters.

8. The Trust Fund is administered in Clark County, Nevada.

9. At all times material herein, District Council 36 has been a labor organization representing employees in the construction industry in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. Defendant Sun Pacific Glazing, Inc. ("SPG") is a California corporation operating as a glass and glazing contractor in California under License No. 777178 ("License"), a C17 Glazing license issued by the Contractors State License Board in California.

11. At all times material herein, SPG has maintained and operated its principal place of business and its administrative offices at 747 Grand Avenue, Spring Valley, California 91977.

12. Defendant American Contractors Indemnity Company ("ACIC") is a California corporation acting as a surety in the State of California that issued one or more Bonds to SPG as a condition of SPG's License, including Contractor's Bond No. SC1043609, in the amount of $15,000, effective January 1, 2016 ("ACIC Bond").

13. Defendant Western National Mutual Insurance Company ("WNMIC") is a Minnesota corporation acting as a surety in the State of California that issued one or more payment/performance Bonds to SPG for work on the Sunkist Elementary School Reconstruction project located at 500 North Sunkist Street, Anaheim, California 92806 ("Sunkist ES Project"), including Bond No. 48475 ("WNMIC Bond") (ACIC Bond and WNMIC Bond collectively the "Bonds").

14. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiff at this time and said Defendants are therefore sued by fictitious names. The Plaintiff reserves the right to amend the Complaint to insert additional

-3-

charging allegations, together with the true identities and capacities, when the same have been ascertained.

## GENERAL ALLEGATIONS

15. On or about June 16, 2009, SPG signed a Trust Acceptance and Contribution Agreement ("Contribution Agreement") with the Trust Fund, whereby SPG bound itself to the terms of the Trust Agreement, the written policies and procedures adopted by the Trust Fund ("Policies"), and the contribution provisions of certain collective bargaining agreements.

16. The Contribution Agreement has not expired, has not been terminated, and remains in full force and effect.

17. SPG is signatory to several participation agreements ("Participation Agreements"), including, but not limited to, a Participation Agreement with District Council 36 for the Sunkist ES Project.

18. The Participation Agreements bind SPG to the terms of the Master Labor Agreement with District Council 36 ("Master Labor Agreement") (Contribution Agreement, Participation Agreements and Master Labor Agreement collectively the "Labor Agreements") and the Trust Agreement for covered work performed by SPG on designated projects, including but not limited to the Sunkist ES Project.

19. SPG is an "employer" as that term is understood and defined in the Labor Agreements and Trust Agreement.

20. SPG is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

21. SPG is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

22. The Labor Agreements and Trust Agreement cover and apply to all glazing

and related work (as more particularly described in the Labor Agreements) performed by employees of SPG.

23. At all times material herein, SPG has been obligated by the terms of the Labor Agreements and Trust Agreement to submit monthly written reports to the Trust Fund on a timely basis showing all hours of covered labor worked by, or paid to, its employees.

24. At all times material herein, SPG has been obligated by the terms of the Labor Agreements and Trust Agreement to timely and properly pay to the Trust Fund fringe benefit contributions for pension and retirement benefits on a monthly basis and at specified rates for every hour of covered labor worked by or paid to its employees.

25. As a result of the reporting and payment obligations imposed by the Labor Agreements, the Trust Fund is an intended beneficiary of the Labor Agreements, and SPG is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26. In the event that SPG fails to timely remit reports and contributions to the Trust Fund, the Labor Agreements and Trust Agreement require SPG to pay, in addition to the contributions due, interest and liquidated damages to the Plaintiff at rates determined by the Board of Trustees.

27. The Labor Agreements and Trust Agreement also require SPG to reimburse the Plaintiff for any attorney's fees and costs incurred as a result of SPG's late payment or delinquencies.

28. SPG is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

29. Pursuant to the terms of the Labor Agreements and the Trust Agreement, Plaintiff has a program for the routine and regular inspection, examination, and audit of the payroll records of employers that are signatory to agreements requiring contributions to the Plaintiff.

30. The Labor Agreements and Trust Agreement require an employer to make their records available for such inspection.

31. If it becomes necessary for the Plaintiff to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreement requires the employer to reimburse the Plaintiff for all attorney's fees and costs and all audit fees incurred by the Plaintiff, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Plaintiff.

32. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the Labor Agreements and Trust Agreement requires the employer to pay to the Plaintiff the unpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees, and costs.

33. If after an audit an employer is found to owe money to the Plaintiff, the employer must pay the deficiency promptly.

34. Plaintiff engaged a professional accounting firm ("Auditor") to conduct a payroll compliance review ("Audit") of SPG's records to test compliance with the reporting and payment obligations imposed by the Labor Agreements and Trust Agreement for the period of April 1, 2015 through October 31, 2021.

35. The Auditor compared the employee hours reported on the monthly remittance reports submitted to the Plaintiff with SPG's payroll and related records to verify if all employees performing work covered by the Labor Agreements were reported to the Plaintiff.

36. The Auditor identified hours of work covered by the Labor Agreements on the Sunkist ES Project that were not reported and/or contributions that were not paid to the Plaintiff.

37. The Auditor calculated unpaid fringe benefit contributions due to the Plaintiff in the total amount of $18,530.08 as a result of the hours of covered labor performed by SPG

employees on the Sunkist ES Project that were not reported to the Plaintiff.

38. Based on the rates set by the Board of Trustees and the Plaintiff's governing documents, the Auditor also calculated interest in the total amount of $1,404.47 and liquidated damages in the total amount of $3,691.35 as of March 31, 2022.

39. Interest and liquidated damages will continue to accrue until the contributions are paid.

40. Plaintiff has incurred audit fees in the total amount of $2,400.00, which must also be paid by the Defendants pursuant to the Labor Agreements, Trust Agreement, 29 U.S.C. § 1132(g)(2), and governing law.

41. Plaintiff has engaged the law firm of Christensen James & Martin, Chtd. to enforce the obligations identified herein and have incurred attorney's fees and costs as a result of SPG's breaches and failures described herein, which must be paid by Defendants pursuant to the Labor Agreements, Trust Agreement, Policies, 29 U.S.C. § 1132(g)(2), and governing law.

42. Plaintiff has demanded payment of the amounts set forth above, but SPG has not complied.

43. As a result of the breaches and delinquencies described herein, SPG is currently indebted to the Plaintiff pursuant to the express terms of the Labor Agreements, Trust Agreement and ERISA (29 U.S.C. § 1132(g)(2)) in the amount of at least $26,025.90, plus attorney's fees and costs and such other additional interest and liquidated damages accruing until all contributions are paid in full.

44. It has become necessary for the Trust Fund to retain legal counsel and initiate this lawsuit to protect its legal rights under the Labor Agreements, Trust Agreement, and ERISA.

45. SPG is obligated to pay the Trust Fund all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs, pursuant to 29 U.S.C. § 1132(g)(2).

46. The delinquencies asserted herein owed by SPG to the Trust Fund are properly payable out of the proceeds of the Bonds.

47. Plaintiff is entitled to and seeks the Court's Order for these outstanding amounts owed in addition any additional amounts discovered by audit, after-accruing delinquencies, and attorney's fees and costs incurred by the Plaintiff.

48. Plaintiff has not yet conducted a payroll compliance review of SPG's records for the period November 1, 2021 through the present date ("Unaudited Period").

49. Plaintiff is entitled to the Court's Order requiring SPG to submit its records for an audit of the Unaudited Period and for payment of any and all amounts determined to be owed to the Plaintiff as a result of the audit.

50. Plaintiff is entitled to and seeks the Court's Judgment requiring SPG to pay all future contributions that become owed as a result of SPG's obligations under the Labor Agreements and Trust Agreement along with any future interest, attorneys' fees, court costs and other contract damages that are subsequently determined to be owed prior to judgment.

51. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiff, and are therefore jointly and severally liable for the damages set forth herein.

52. The Trust Agreement and Policies permit the Board of Trustees to require that an employer post a cash bond or fringe benefit bond issued by a reputable surety company to help insure that past, present, and future contributions are paid. The Board of Trustees has the authority to determine the amount of the bond.

53. In the event an employer refuses to provide a bond after being requested to do so, the Plaintiff may institute a lawsuit to enforce the applicable provisions of the Trust Agreement and Policies and the employer shall reimburse the Plaintiff for its attorney's fees and collection costs.

54. Based on the facts and circumstances set forth above and that a lawsuit has been filed against SPG as a result of the delinquencies described herein and pursuant to the

express terms of the Trust Agreement and Policies, the Board of Trustees has determined that SPG must post a fringe benefit bond or other acceptable security in favor of the Plaintiff to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, attorney's fees, and costs.

**FIRST CAUSE OF ACTION**
[Breach of Written Labor Agreements & Trust Agreement – SPG, DOES, ROES]

55. The Plaintiff herein restates and realleges the above allegations.

56. By the terms of the Labor Agreements and Trust Agreement, SPG was required to timely and accurately remit reports and fringe benefit contributions to the Plaintiff for each hour of covered labor performed by its employees.

57. Pursuant to the Labor Agreements and Trust Agreement, SPG agreed that in the event of late or non-payment of contributions, SPG would pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiff, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the Labor Agreements, Trust Agreement or as otherwise provided by law; and (iii) all audit fees, legal fees and costs in connection therewith, whether incurred before or after litigation is commenced.

58. SPG, DOES, and ROES breached the Labor Agreements and Trust Agreement by failing to comply with the terms and conditions described herein, including but not limited to failure to timely and accurately report covered labor and submit fringe benefit contributions and related damages when due.

59. It has been necessary for Plaintiff to engage the law firm of Christensen James & Martin, Chtd. to enforce the contractual obligations owed to the Plaintiff and collect any and all amounts due.

60. Pursuant to the Labor Agreements and Trust Agreement, SPG owes the Plaintiff contributions calculated or measured by all hours of covered labor performed by SPG, plus interest at the contractual rate on all unpaid contributions from the dates the sums

were originally due through the date of judgment, liquidated damages, and reasonable attorney's fees, collection costs, and auditing costs incurred by the Plaintiff as a result of the breaches described herein.

61. Pursuant to the terms of the Labor Agreements, Trust Agreement, and Policies, the Plaintiff is entitled to an Order requiring SPG to submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due.

62. Pursuant to the terms of the Trust Agreement and Policies, the Plaintiffs are entitled to an Order requiring SPG to post a fringe benefit bond to secure the payment of past, present, and future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs.

63. At all times material herein, SPG, DOES, and ROES were and are the alter egos or guarantors of each other and are jointly and severally liable to the Plaintiff for any and all obligations owed under the Labor Agreements and Trust Agreement.

64. The Plaintiff is entitled to recover as damages from the Defendants any and all benefit contributions, interest, and liquidated damages owed to the Plaintiff pursuant to the Labor Agreements and Trust Agreement.

65. Pursuant to the terms of the Labor Agreements, Trust Agreement and Policies, the Plaintiff is entitled to an Order requiring SPG to reimburse the Plaintiff for attorney's fees and costs incurred to enforce compliance with the Labor Agreements, Trust Agreement, and Policies.

66. Upon entry of judgment, the Plaintiff is entitled to post-judgment interest at the rates set forth in their Trust Agreement or as may be allowed by law, whichever is higher. The amount of such interest will be established by proof at trial.

///

///

///

## SECOND CAUSE OF ACTION
[Violation of ERISA – SPG, DOES, ROES]

67. The Plaintiff herein restates and realleges the above allegations.

68. By failing to timely and accurately report and/or pay contributions to the Plaintiff and contract damages in accordance with the Labor Agreements and Trust Agreement, SPG, DOES, and ROES have violated Section 515 of ERISA [29 U.S.C. § 1145].

69. In accordance with the terms of the Labor Agreements and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit fees, attorneys' fees, and costs incurred in enforcing the terms of the Labor Agreements and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

70. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiff is entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

71. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Plaintiff is entitled to such other equitable relief as the Court deems appropriate.

72. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to its beneficiaries.

73. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its beneficiaries for past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

74. The Plaintiff is likely to prevail on the merits of their claims.

75. The Plaintiff is entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3)

and 1132(g)(2)(E) and other applicable law affirmatively compelling SPG to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiff, submit to an audit of the Unaudited Period, and provide a fringe benefit bond in compliance with its obligations under the Labor Agreements, Trust Agreement and Policies.

76. The Plaintiff is entitled to all remedies provided by ERISA as and for compensation for the Defendant's violations.

### THIRD CAUSE OF ACTION
### [Demand for Relief on Bonds – ACIC and WNMIC]

77. The Plaintiff herein restates and realleges the above allegations.

78. ACIC issued the ACIC Bond as a condition for SPG to maintain its Contracting License.

79. WNMIC issued the WNMIC Bond as a payment/performance bond for the Sunkist ES Project.

80. The Trust Fund, and SPG's employees who provided labor as described herein, are intended third-party beneficiaries under the Bonds.

81. The delinquencies asserted herein owed by SPG to the Trust Fund are properly payable out of the proceeds of the Bonds pursuant to the express terms of any Bond Agreement and California Business and Professions Code § 7071.5.

82. The proceeds of the Bonds must be paid to the Trust Fund in full or partial satisfaction, as the case may be, of SPG's obligations owed to its employees and the Trust Fund or as damages caused by SPG's failure to properly act in accordance with the Labor Agreements and/or the law, subject only to the penal limit on the Bonds.

### PRAYER FOR RELIEF

WHEREFORE, the Trust Fund prays for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order enjoining SPG from failing to timely pay to the Plaintiff delinquent amounts discovered by the audit or as otherwise incurred in the normal course of

business;

2. For the Court's Order compelling SPG to deliver to the Plaintiff accurate monthly remittance reports on a timely basis detailing all covered work performed;

3. For the Court's Order affirmatively compelling SPG to abide by the terms of the Labor Agreements, Trust Agreement, and Policies including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiff on a timely basis;

4. For the Court's Order requiring SPG to submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due;

5. For the Court's Order requiring SPG to post a cash bond or fringe benefit bond to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs;

6. For the Court's Order awarding all contributions currently due, as well as liquidated damages, interest, audit fees, attorney's fees, and costs incurred in enforcing the terms of the Labor Agreements and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate;

7. For unpaid fringe benefit contributions in amounts to be proven at trial;

8. For damages for breach of contract in an amount to be proven at trial;

9. For an amount equal to the greater of the interest owed on the unpaid contributions or liquidated damages, in amounts to be proven at trial;

10. For accrued interest on all unpaid contributions and damages from their due dates until paid;

11. For the Plaintiff's reasonable audit fees and costs, in an amount to be proven at trial;

12. For the Plaintiff's reasonable attorney's fees, in amount to be proven at trial;

13. For the Plaintiff's costs of suit;

14. For relief against the Bonds;

15. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

16. For such additional relief as this Court deems just and proper.

DATED this 5th day of July, 2022.

                CHRISTENSEN JAMES & MARTIN, CHTD.

                By:  */s/ Wesley J. Smith*
                   Wesley J. Smith, Esq. (11871)
                   7440 W. Sahara Avenue
                   Las Vegas, Nevada 89117
                   Tel: (702) 255-1718
                   Fax: (702) 255-0871
                   Email: wes@cjmlv.com
                   *Attorneys for Plaintiff Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund*